MORAL Y COMPAÑÍA, DEMANDANTE Y APELADA, *v.* NEW YORK & PORTO RICO STEAMSHIP COMPANY, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre *injunction* e indemnización de perjuicios.

No. 1712.—Resuelto en marzo 21, 1918.

GRAVAMEN—CONDUCTOR MARÍTIMO—EFECTOS DEL CARGADOR.—Un conductor marítimo posee, para responder del importe del flete, un gravamen sobre los efectos del cargador, vigente hasta la misma entrega de los efectos.

Entrega de Efectos — Pérdida de Gravámenes — Tenencia en Concepto de Guardador.—Cuando entre el conductor marítimo y el consignatario existe una comenzada o simbólica entrega de los efectos por razón de la entrega del conocimiento y de otros actos y palabras del agente del conductor, especialmente al decir al consignatorio que puede recoger sus efectos del muelle, desde ese momento el conductor pierde su gravamen sobre los bienes, y su tenencia posterior de los mismos lo es en concepto de guardador, sin gravamen.

Daños y Perjuicios—Consulta de Abogados.—Una consulta hecha a un abogado por una persona que está privada de la posesión de determinados efectos, y en general una consulta cualquiera, no forma parte de los daños causados por la injusta retensión de·tales bienes.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Charles Hartzell.*

Abogado de la apelada: *Sr. Angel A. Vázquez.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Es una teoría que puede ser aceptada incondicionalmente en este caso la de que un conductor marítimo posee, para responder del importe del flete, un gravamen sobre los efectos del cargador, vigente hasta la misma entrega de los efectos. En este caso, sin embargo, el consignatario fué a la oficina del agente del conductor y le entregó el conoci· miento marcado ''pagadero por anticipado,'' práctica que general aunque no universalmente, significa que el flete ha sido pagado. El dicho agente también avisó al consignatario que podía recoger los efectos. En vista de la prueba y de las conclusiones de la corte, no tenemos duda de que era la intención de las partes, por sus actos, hacer entrega de los efectos, desapareciendo de ese modo el gravamen. La única duda que tenemos sobre la materia surge de la estipulación convenida durante el curso del pleito. En ella se expresaba que el demandado comenzó a entregar los efectos y luego retuvo una parte de los mismos. El demandante en la estipulación casi renunció a sus derechos ante la corte, pero en conjunto somos de opinión que existió una comenzada o sim-bólica.entrega de los efectos por razón de la entrega del conocimiento y de otros actos y palabras del agente, especial-

mente al decir al demandante que podía recoger sus efectos del muelle. Desde ese momento la compañía demandada perdió su gravamen, y su tenencia posterior de los efectos, si es que alguna relación legal existía, era en concepto de guardador sin un gravamen. Se sostiene que, generalmente, los efectos son entregados gradualmente por carretadas, dándose un recibo aparte para cada carretada, y que sólo cuando el total de la carga es entregado es que se firma el recibo final. En otras palabras, se insiste en que la tenencia es en carácter de tal conductor hasta que se hace la entrega final. Puede o no ser que los recibos que se dan por estos lotes separadamente sean una constancia de la entrega de los efectos según se especifica en el conocimiento. No estamos llamados a decidir si en general el gravamen continúa hasta tal entrega final, pero sí resolvemos que los actos, conducta, e inteligencia de las partes en este caso, tendían todos a verificar una entrega al tiempo en que fué entregado el conocimiento. El hecho de que el muelle donde los efectos están depositados es un sitio público añade fuerza a nuestra conclusión; así como el de que la entrega de los efectos había comenzado y fué meramente suspendida hasta el día siguiente por razón de la fuerte lluvia; y, además, el de que la demandada sólo trató de retener los efectos después de haber recibido aviso por cable de que el flete no había sido pagado. En ninguna época, hasta donde la evidencia demuestra, requirió la compañía demandada el pago del flete, ni indicó a la demandante que el flete no había sido pagado; y la prueba testifical tendía a demostrar que es la costumbre pagar el flete en el puerto de embarque.

Después que la compañía demandada había aceptado el conocimiento, y dicho al demandante que recogiera sus efectos, estando éste recogiéndolos cuando fué interrumpido por la lluvia, dudamos si hubiera sido la compañía responsable por la pérdida posible de los ochenta sacos de avena que

quedaban en el muelle y que fueron los efectos que la compañía demandada había tratado posteriormente de retener para asegurar su supuesto gravamen.

No podemos convenir con el apelante en que no hubo prueba del pago de los cien dollars al abogado Vázquez, pero sí creemos que esos cien dollars no eran propiamente parte de los daños correspondientes a la demandante. Honorarios pagado por una consulta hecha por una persona que está privada de la posesión de determinados efectos, y en general por una consulta cualquiera, no forma parte de los daños causados por tal injusta retención. 8 R. C. L. 60. Véanse también los artículos 1068, 1073 y 1074 del Código Civil. No se probaron más daños a satisfacción de la corte inferior, y la demandante tenía sólo derecho a daños nominales.

Ni vemos tampoco la temeridad por parte de la demandada. Aunque no convenimos con el apelante en que fuera de la incumbencia de la apelada el efectuar el pago del flete, especialmente cuando tal pago no fué exigido, hubo suficiente duda de la entrega de los efectos para justificar el que la demandada se defendiese. Sin duda alguna el importe del flete no había sido pagado.

En cuanto se refiere al pleito en sí, la demandante pedía, según parece, tres mil dollars por daños que han quedado injustificados. Echando a un lado esta petición de tres mil dollars, es dudoso que el valor de todos los ochenta sacos de avena retenidos excediera de quinientos dollars, y no hubo indicación alguna en los autos de que el demandante habría de perder la avena. Por estas consideraciones, y de acuerdo con las decisiones de esta corte en los casos de *Martínez* v. *Padilla,* 19 D. P. R. 582, y *Hernaiz, Targa & Co.* v. *Vivas et al.,* 24 D. P. R. 836, debe anularse la concesión de honorarios de abogado.

La sentencia debe ser confirmada en cuanto prohibía a la demandada intervenir cuando se recogieran los efectos, mo-

dificándola en cuanto a los daños, concediéndolos nominales, y revocada en cuanto a honorarios de abogado.

> *Confirmada la sentencia apelada pero modi-*
> *ficándola en cuanto a los daños que se fijan*
> *en $1 y revocada en cuanto a honorarios de*
> *abogado.*

Jueces concurrentes: Sres. Asociados del Toro y Hutchison.

El Juez Presidente Sr. Hernández y el Asociado Sr. Aldrey no intervinieron.